IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK WILSON<br>107 Louise Street<br>Monaca, PA 15061<br><br>          Plaintiff,<br><br>     v.<br><br>NORFOLK SOUTHERN RAILWAY CO.<br>650 West Peachtree Street<br>Atlanta, GA 30308<br><br>          Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 2:24-cv-1584<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT AND JURY DEMAND**

COMES NOW the plaintiff, MARK WILSON, by and through his undersigned counsel, and claims of the defendant an amount in excess of the statutory arbitration limits and avers the following:

1.   Plaintiff, MARK WILSON, is an adult individual residing in Monaca, PA.

2.   Defendant, Norfolk Southern Railway Co. ("Norfolk Southern"), is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the Western District of Pennsylvania.

3.   At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant as an Conductor/Engineer in furtherance of the carrier's business of interstate commerce and transportation by railroad.

4. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq.

5. On or about March 26, 2022, plaintiff was working in the course and scope of his employment as an Engineer for the defendant. While waiting in his stationary locomotive, the plaintiff was caused to sustain significant personal injuries when his locomotive was struck from behind by another train on the same track.

6. Plaintiff's injuries were caused both directly and proximately by the negligence, carelessness, and/or unlawful conduct of the defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment;

(b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(c) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide the plaintiff with safe and/or proper equipment and/or railcars in order to perform the duties of his employment;

(d) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide the plaintiff with proper work space in order to safely perform the duties of his employment;

(e) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly enforce its own rules;

(f) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly inspect and/or maintain the cars, equipment at issue;

(g) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly operate the train at issue (that struck plaintiff's locomotive);

(h) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions, as described above, when the defendant knew or should have known that said conditions existed;

(i) failing to use ordinary care to provide proper manpower;

(j) failing to use ordinary care to provide proper lighting;

(k) failing to provide proper instructions to the crews working on the trains at issue;

(l) failing to use ordinary care to provide safe working conditions;

(m) failing to use ordinary care to maintain and inspect the equipment at issue;

(n) failing to use ordinary care to properly maintain the subject equipment in reasonably safe condition;

(o) failing to comply with governmental and/or other applicable safety regulations and/or guidelines;

(p) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions as described above;

(q) failing to provide adequate space for plaintiff to work due to the presence of a dangerous condition;

(r) failing to warn plaintiff and/or other similarly situated persons that the equipment and/or working conditions were improper, defective and/or otherwise dangerous;

(s) failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of dangerous equipment and/or working conditions which posed an unreasonable risk of harm to plaintiff; and

(t) failing otherwise to comply with the applicable laws and regulations of the Commonwealth of Pennsylvania and the applicable Federal law and regulations.

7. As a direct and proximate result of the negligence, carelessness, and/or unlawful conduct of defendant, more fully described above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his head, neck, back, right upper extremity, shoulder, arm and hand, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

8. As a direct and proximate result of the negligence, carelessness, and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

9. As a direct and proximate result of the negligence, carelessness, and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and

the limitation and restrict of his usual activities, pursuits and pleasures.

10. As a direct and proximate result of the negligence, carelessness, and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

11. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff demands judgment in his favor and against defendant in an amount in excess of the statutory arbitration limits as compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

THE ROSENTHAL FIRM

*/s/ Samuel J. Rosenthal*
Samuel J. Rosenthal, Esquire
Attorney for Plaintiff

**V E R I F I C A T I O N**

I, Mark Wilson, hereby state that I am the Plaintiff herein and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 11/18/2024

*Mark Wilson*
MARK WILSON